IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shawn Altego Cato | ) | Civil Action No. 4:10-70071-TLW |
| | ) | Cr. No. 4:09-225 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Shawn Altego Cato (hereinafter "Petitioner" or "Defendant").

On February 24, 2009, a federal grand jury returned a four count Indictment against Petitioner. On August 6, 2009, Petitioner appeared before this Court and pled guilty to Counts 2, 3 and 4 of his indictment.[1] Count 2 charged him with being a Felon in Possession of a firearm, a violation of Title 18, United States Code, Section 922(g)(1). Count 3 charged that on or about December 11, 2008 in the District of South Carolina, the defendant , Shawn Altego Cato, knowingly, intentionally and unlawfully did possess with intent to distribute 5 grams or more of cocaine base (commonly known as "crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). Count 4 charged him with a violation of Title 18, United States Code, Section 924(c).

---

[1]The November 19, 2009 Judgment indicates that Count 1 was dismissed upon motion of the Government.

1

On October 27, 2009, Petitioner was sentenced to a total aggregate sentence of one hundred twenty months, which consisted of 60 months each as to Counts 2 and 3, with such terms to run concurrently and 60 months consecutive as to Count 4 as required by Title 18, United States Code, Section 924(c). Petitioner did not file a direct appeal. The judgment and conviction was entered on November 19, 2009.

On August 16, 2010, Petitioner, proceeding pro se, filed the current motion pursuant to Section 2255 motion. (Doc. # 57). On May 4, 2011, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 61 & # 62). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed May 19, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 63). Petitioner filed materials in opposition to the Government's motion for summary judgment on June 6, 2011 and June 22, 2011. (Docs. # 65 & # 66). This matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or

laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" <u>Leano v. United States</u>, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In <u>Leano</u>, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" <u>Leano</u>, 334 F. Supp. 2d at 890 (<u>quoting United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's <u>pro se</u> motion, and finds that no hearing is necessary.

### STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 62). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323; see also, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56,

the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts a single ground for relief in his petition which is set forth verbatim below:

1.      Fair Sentencing Act 2010
        Cato was sentenced to the mandatory minimum term of 60 months for 12.4 grams of cocaine base, which was recently changed by Congress.   Now however there is no minium for this quantity of cocaine base.  It is Cato position that given leave to brief the issue he can demonstrate the Bill's applicability and its retroactiviy in this case.

In his motion, Petitioner takes the position that the Fair Sentencing Act should be applied to his case, which he argues would result in a lower sentence on Count 3.  In general terms, the FSA raised the drug quantity thresholds that trigger mandatory sentences for crack cocaine offenses under federal law. However, because the FSA did not become effective until August 3, 2010, it is not applicable to Petitioner's case. The judgment in Petitioner's case was entered on November 19, 2009. (Doc. # 45). That is well before the effective date of the FSA. Moreover, Fourth Circuit precedent makes clear that the Act is not retroactively applicable to Petitioner's case. See United

States v. Bullard, 645 F.3d 237, 248-49 (4th Cir. 2011) (declining to apply the FSA retroactively to cases pending appeal in the face of 1 U.S.C. § 109, The General Savings Statute); U.S. v. Wilson, 401 Fed. Appx 760 (4th Cir. 2010) (concluding that the Fair Sentencing Act did not apply retroactively to defendant sentenced before act took effect). Because the Act does not apply retroactively to this case, Petitioner's claim for is without merit.[2]

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 57) and the Government's motion for summary judgment is **GRANTED** (Doc. # 62). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

July 12, 2012
Florence, South Carolina

---

[2]The Court also notes that in Petitioner's case, even if the Act was retroactive, it would not reduce Petitioner's total aggregate sentence because he received 60 months concurrent on Count 2 which would be unaffected by retroactive application of the Fair Sentencing Act.